IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BETTY JANE SCHAFFER,<br><br>Plaintiff,<br><br>vs.<br><br>ANDREW SAUL, COMMISSIONER OF SOCIAL SECURITY,<br><br>Defendant. | 2:19-CV-01153-PLD |

## MEMORANDUM OPINION AND ORDER

Plaintiff Betty Jane Schaffer ("Schaffer") commenced this action against Andrew Saul, the Commissioner of Social Security ("Commissioner") in which she seeks judicial review of an unfavorable decision regarding her claim for social security disability benefits. Both parties have moved for summary judgment, and both motions have been fully briefed. On April 22, 2020, the Court issued an order directing the parties to file supplemental briefs that address the decisions of *Lucia v. SEC*, 138 S. Ct. 2044 (2018) and *Cirko on behalf of Cirko v. Comm'r of Soc. Sec.*, 948 F.3d 148 (3d Cir. 2020) as they may relate to this action. Both parties have done so.

For the reasons set forth below, the Court will grant summary judgment in favor of Schaffer and remand this matter for a new hearing before a different administrative law judge.

I.  **Relevant Procedural and Factual Background**

Schaffer filed an application for supplemental security income disability benefits on July 27, 2016. (R. 12.)[1] Her claim was initially denied on October 6, 2016. (*Id.*) Plaintiff took an appeal for a hearing before an Administrative Law Judge ("ALJ"). (*Id.*) A hearing was held on May 10,

---

[1] Citations to the record (ECF No. 6) are referred to as "R."

2018 before an ALJ, who subsequently issued an unfavorable decision on October 22, 2018, finding that Schaffer not disabled under the Social Security Act. (R. 9-11.) Thereafter, she filed a request for review of hearing decision/order to the Appeals Council. (R. 4.) On July 11, 2019, the Appeals Council denied her request for review. (R. 1-3.) Schaffer then filed the present action seeking judicial review of the denial of benefits.

In Schaffer's Motion for Summary Judgment, she raises a series of errors by the ALJ as bases for the reversal of his decision. She did not raise an Appointments Clause issue or address the *Lucia* or *Cirko* decisions in her motion for summary judgment.

**II.  Discussion**

In *Lucia v. SEC*, 138 S. Ct. 2044, 2053 (2018), the United States Supreme Court held that because the ALJs of the Securities and Exchange Commission are "Officers of the United States" within the meaning of the Appointments Clause of the United States Constitution, Art. II, § 2., cl. 2, they are required to be appointed to their positions by the President, a court of law or the Department head. Because these ALJs were not so appointed, the Supreme Court held that the petitioner was entitled to a new hearing before a different, constitutionally appointed ALJ. *See id.* at 2055.

The *Lucia* decision did not address the constitutional status of ALJs in other federal agencies, including the Social Security Administration. However, on July 16, 2018, the Acting Commissioner of the SSA ratified the appointments of its ALJs and approved these appointments as her own. SSR 19-1p; Titles II & XVI: Effect of the Decision in *Lucia v. Securities and Exchange Commission (SEC)* on Cases Pending at the Appeals Council, 84 Fed. Reg. 9582–9583 (Mar. 15, 2019).

In the recent decision of *Cirko on behalf of Cirko v. Comm'r of Soc. Sec.*, 948 F.3d 148, 155 (3d Cir. 2020), the Court of Appeals for the Third Circuit held that a Social Security claimant is not required to exhaust his or her administrative remedy regarding an unconstitutionally appointed ALJ before raising this issue with a district court.

As neither party addressed the *Lucia* or *Cirko* decisions in their motions for summary judgment, the Court directed them to submit supplemental briefs to address these decisions as they may relate to this action. In her supplemental brief, Schaffer contends that based upon the holding in *Cirko*, this matter must be remanded for a new hearing before a different ALJ. The Commissioner disagrees, noting that *Cirko* only rejected the applicability of an exhaustion requirement in Social Security administrative proceedings, not the issue of waiver in a subsequent challenge in federal court. Thus, he argues, Schaffer waived any Appointments Clause challenge by failing to raise it in her opening brief to this Court.

As an initial matter, it should be noted that the Commissioner's discussion of waiver principally relies upon federal appellate cases that are ultimately governed by specific rules that address this issue. For example, in *Barna v. Bd. of Sch. Directors of Panther Valley Sch. Dist.*, 877 F.3d 136, 147 (3d Cir. 2017), the Court of Appeals discussed waiver based upon Federal Rule of Appellate Procedure 28(a) and Third Circuit Local Appellate Rule 28.1, both of which require parties to present all of their arguments in their opening briefs. And in *United States v. Olano*, 507 U.S. 725, 733 (1993), the Supreme Court reviewed Federal Rule of Criminal Procedure 52(b), which addresses when appellate courts can consider arguments not raised in the trial court.

Neither the Federal Rules of Civil Procedure nor the Local Rules of this Court include any such limitation. Indeed, Federal Rule of Civil Procedure 56(f) allows a district court to grant summary judgment on grounds not raised by parties at all as long as they are given notice and an

3

opportunity to be heard on the issue. *See also Forrest v. Parry*, 930 F.3d 93, 110-111 (3d Cir. 2019) ("district courts may grant summary judgment *sua sponte*, so long as the losing party is given notice when summary judgment is being contemplated.") Thus, arguing that Schaffer waived the Appointments Clause issue by failing to raise it in her motion for summary judgment is largely based on an analogy to the manner by which such matters are addressed in courts of appeal, which operate under different procedural rules than district courts. While some district courts apply this analogy to matters before them, the Commissioner does not address why the Court should do so here.

Nevertheless, even if the Commissioner's waiver argument is considered, it is unavailing. Waiver is the "the intentional relinquishment or abandonment of a known right." *Barna v. Bd. of Sch. Directors of Panther Valley Sch. Dist.*, 877 F.3d 136, 147 (3d Cir. 2017) (quoting *United States v. Olano*, 507 U.S. 725, 733 (1993)). This matter is not properly characterized as a waiver situation. There is no evidence that Schaffer's failure to raise this argument was an intentional relinquishment or abandonment of a known right.

Rather, the proper inquiry is whether Schaffer "forfeited" her Appointments Clause challenge. The Third Circuit has explained that "'[f]orfeiture is the failure to make the timely assertion of a right,' an example of which is an inadvertent failure to raise an argument." *Barna*, 877 F.3d at 147 (quoting *Olano*, 507 U.S. at 733). The distinction is important because "a federal court has the authority to resurrect only forfeited [claims]." *Id.* at 146 n.7 (quoting *Olano* and *Wood v. Milyard*, 566 U.S. 463, 471 n.5 (2012)). Specifically, the Court may overlook forfeiture when the forfeited issue is purely legal in nature. *See id.* at 147–48 (listing cases where the Third Circuit has considered forfeited legal issues). This is especially true "where refusal to reach the issue would result in a miscarriage of justice or where the issue's resolution is of public

importance." *Id.* at 147 (internal citations omitted). Moreover, courts of appeal may exercise their discretion to consider an argument even if it has not been advanced in the first instance at the district court level. *See, e.g., Freeman v. Pittsburgh Glass Works, LLC*, 709 F.3d 240, 249 (3d Cir. 2013).

Therefore, it could be argued that at most, Schaffer forfeited, not waived, her Appointments Clause challenge by failing to raise this issue in her motion for summary judgment. However, a district court may consider, and grant, summary judgment on grounds not raised by the parties. Fed. R.Civ.P. 56(f). Both parties have been given notice and an opportunity to respond regarding the impact of *Lucia* and *Cirko* on this case. Moreover, the Court concludes that it will exercise its discretion to address the issues raised by these decisions. Whether this case should be remanded because the ALJ who conducted Schaffer's hearing and issued a decision was not constitutionally appointed is a legal issue that can be addressed at this time, therefore conserving judicial resources and promoting the efficient administration of justice. No final judgment has been entered in this case, and there is no substantial prejudice to the Commissioner or to the public if this issue is considered and resolved at this time.

Having exercised its discretion to consider this issue, the Court concludes that Schaffer is entitled to have her claim determined by an ALJ who is constitutionally appointed. As the Third Circuit recognized, an Appointments Clause challenge addresses fundamental constitutional issues, noting that these challenges "implicate both individual constitutional rights and the structural imperative of separation of powers." *Cirko*, 948 F.3d at 153 (citing *Glidden Co. v. Zdanok*, 370 U.S. 530, 536–37 (1962)). The *Cirko* Court stressed that "important individual liberty [is] safeguarded by the Appointments Clause." *Id.* at 154. As stated by the Court of Appeals, this is particularly critical when resolving claims for disability benefits:

5

> The need to protect those individual rights is especially acute, however, where, as here, claimants' "physical condition and dependency on the disability benefits" are at issue. *Mathews v. Eldridge*, 424 U.S. 319, 331 (1976). Disability benefits are usually claimants' primary source of income—highlighting the need for both the appearance and reality of fair adjudicators appointed impartially under the Appointments Clause and making the "nature of [a disability] claim" an "important factor[]" in determining whether to take federal jurisdiction over a procedurally flawed administrative appeal, *id.* at 331 n.11. Indeed, we have said that in such cases "the claimant's interest in having the constitutional issue resolved promptly is so great that further deference to agency procedures is inappropriate." *Mattern v. Mathews*, 582 F.2d 248, 253 (3d Cir. 1978).

*Id.* at 157 (footnote omitted).

The ALJ heard Schaffer's case in May 2018. It was not until July 16, 2018, that the Acting Commissioner of the SSA ratified the appointments of its ALJs and approved these appointments as her own. Thus, the ALJ who adjudicated and decided Schaffer's case was not properly appointed under the Appointments Clause of the United States Constitution.

For these reasons, it is ORDERED that the Commissioner's final decision is vacated and this matter is remanded to the Social Security Administration for a new hearing before a different constitutionally appointed Administrative Law Judge than the Administrative Law Judge who presided over Schaffer's first hearing.

Dated:  May 18, 2020                                   BY THE COURT:

                                                       _____
                                                       PATRICIA L. DODGE
                                                       United States Magistrate Judge